EMANUEL J. FRISCH, PLAINTIFF AND APPELLEE, v. JOHN W. WARNKE, DEFENDANT AND APPELLANT.

Submitted December 4, 1913—Decided March 19, 1914.

1. The question being whether the defendant was liable to pay for goods ordered by and delivered to B., and the defence was that the defendant had sold out the business to B., his clerk, and had so notified the plaintiff prior to the time when the goods were ordered, it is error requiring reversal for the trial judge to exclude evidence that such notice had been so given to the plaintiff.

2. On appeal from the District Court, where the trial judge, in the state of the case as settled and signed by him pursuant to *Pamph. L.* 1902, *p.* 566, § 2 (*Comp. Stat.*, *p.* 2016), states that he excluded proffered documentary evidence, such statement will be controlling although what purports to be a copy of such document is printed with the state of the case marked as an exhibit.

On appeal from the Second District Court of Jersey City.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the appellant, *Charles E. S. Simpson.*

For the appellee, *George E. Quigley* and *Charles W. Kappes.*

The opinion of the court was delivered by

TRENCHARD, J.    This is the defendant's appeal from a judgment rendered for the plaintiff by the trial judge, sitting without a jury, in an action on a book account for goods alleged to have been sold and delivered to the defendant.

At the trial it appeared that the goods, consisting of cigars, were ordered by and delivered to one Bielenberg, subsequent to October 4th, 1909. It was admitted that prior to October 4th, 1909, the business in the store where the cigars were delivered was owned by the defendant, and that up to that date Bielenberg was the defendant's clerk.

The defence was that on October 4th, 1909, the defendant sold out his business to Bielenberg, and so notified the plaintiff, and hence was not liable.

It appears, from the state of the case, as settled by the trial judge, pursuant to *Pamph. L.* 1902, *p.* 566, § 2 (*Comp. Stat., p.* 2016), that "the defendant sought to prove notice to the plaintiff of the change of ownership of the business, alleged to have been sent by him to the plaintiff by ordinary mail, on October 4th, 1909, and that the court refused to permit him to prove the same."

We think that such refusal was erroneous and injuriously affected the substantial rights of the defendant, and therefore requires a reversal of this judgment.

The fact that there is printed with the state of the case what purports to be a copy of such notice marked as an exhibit does not affect the result. Where, as here, the trial judge, in the state of the case settled and signed by him pursuant to *Pamph. L.* 1902, *p.* 566, § 2 (*Comp. Stat., p.* 2016), states that he excluded such evidence, that statement is controlling for the purpose of this review.

The judgment below will be reversed and a new trial awarded.